**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**

| | |
|---|---|
| ENCOMPASS HOME & AUTO INSURANCE ) <br> COMPANY, as subrogee of ROBERT AND ) <br> BARBARA STERN ) <br> 2775 Sanders Road ) <br> Northbrook, IL  60062 ) <br> ) <br>                 Plaintiff ) <br> ) <br> vs. ) <br> ) <br> OMEGA FLEX, INC. ) <br> 451 Creamery Way ) <br> Exton, PA  19341 ) <br> ) <br> AND ) <br> ) <br> BELAIR ENGINEERING AND SERVICE ) <br> COMPANY, INC. ) <br> 15881 Commerce Ct ) <br> Upper Marlboro, MD  20774 ) <br> ) <br>                 Defendants ) | Civil Action No.: |

**COMPLAINT AND REQUEST FOR JURY TRIAL**

Comes now, Encompass Home & Auto Insurance Company as subrogee of Robert and Barbara Stern, by and through its counsel, and respectfully moves for judgment against Defendants, Omega Flex, Inc. and Belair Engineering and Service Company, Inc., and asserts the following:

**JURISDICTION**

1. There is complete diversity of citizenship between Plaintiff and Defendants.

2. The amount in controversy exceeds, exclusive of costs and interest, the sum specified by 28 U.S.C. § 1332.

3. Jurisdiction is vested with this court under 28 U.S.C. § 1332.

13653000v.1

**VENUE**

4.      Pursuant to 28 U.S.C. § 1391 et seq., venue is proper in the District of Maryland Northern Division at Baltimore because Plaintiff's subrogor resides in this Division and the incident giving rise to this Complaint occurred in this Division.

**PARTIES**

5.      Plaintiff, Encompass Home & Auto Insurance Company a/s/o Robert and Barbara Stern (hereinafter "Plaintiff" or "Encompass"), is an Illinois corporation with a principal place of business located at 2775 Sanders Road, Northbrook, IL 60062.

6.      At all times relevant and material hereto, Encompass was in the business of issuing, inter alia, homeowners insurance policies and was authorized to issue said policies in the State of Maryland.

7.      At all relevant times hereto, Encompass provided homeowners insurance to Robert and Barbara Stern (hereinafter "the Sterns" or "Plaintiff's subrogor"), covering their real and personal property located at 663 Creek Road, Severna Park, Maryland 21146 (hereinafter the "Subject Premises") pursuant to policy number: 245956141.

8.      Upon information and belief, Defendant, Omega Flex, Inc. (hereinafter "Omega Flex"), is a corporation duly organized under the laws of the Commonwealth of Pennsylvania with a principle place of business at 451 Creamery Way, Exton, PA 19341 and, at all times relevant hereto, was engaged in the business of manufacturing, designing, assembling, fabricating, distributing, and/or selling corrugated stainless steel tubing under the name TrackPipe, (hereinafter "CSST").

9.      Upon information and belief, Defendant, Belair Engineering and Service Company, Inc. (hereinafter "Belair"), is a corporation duly organized under the laws of the State of Maryland with a principle place of business at 15881 Commerce court, Upper Marlboro, MD

20774 and, at all times relevant hereto, was engaged in the business of distributing, selling and/or installing CSST.

## FACTS

10. Plaintiff hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

11. On or about October 1, 2007, Belair installed a propane gas boiler at the Subject Premises and used CSST to carry the propane gas from an outside propane tank to the boiler.

12. On or about July 3, 2011, lightning struck in close proximity to the Subject Premises.

13. Upon information and belief, electricity from the lightning strike energized the CSST, travelled through the tubing, arced to ground, and created a hole in the tubing which allowed propane gas to escape and ignite. The resulting fire spread throughout the Subject Premises, causing substantial fire and smoke damage to same.

14. As a direct and proximate result of the fire, Encompass made payment to the Sterns in the amount of $1,092,284.72 for damages to their real and personal property, extra expenses, additional living expenses, and incidental and consequential damages.

15. Pursuant to its policy of insurance and the applicable law, Plaintiff is now subrogated to the rights of its insured, to the extent of the payments made, for the damage caused by Defendants' actions.

**COUNT I – NEGLIGENCE**
**PLAINTIFF v. OMEGA FLEX, INC.**

16. Plaintiff hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

17. Defendant Omega Flex designed, manufactured, sold, and/or otherwise supplied the CSST used in the Sterns' home in a defective and unreasonably dangerous condition.

18. Omega Flex owed a duty to the Sterns to design, manufacture, sell, and/or otherwise supply a product that was free from defects and safe for its intended purpose.

19. Omega Flex breached the duty owed to Plaintiff's subrogor in one or more of the following ways:

    (a)    Failing to warn users of the dangers associated with the CSST;

    (b)    failing to inform users, including plaintiff's insured, of the defective nature of the subject CSST;

    (c)    negligently and carelessly failing to notify, report and/or warn users of the defective and unreasonably dangers condition of the CSST;

    (d)    designing, manufacturing and selling CSST that was unsafe for its intended purposes under foreseeable circumstances, and therefore defective;

    (e)    failing to correct the defective CSST;

    (f)    failing to design the CSST in a manner that was safe for all reasonably foreseeable uses;

    (g)    failing to manufacture and supply CSST that was suitable for all reasonably foreseeable uses;

    (h)    negligently failing to make reasonable inspections and tests to discover defects in their CSST;

    (i)    failing to inspect the CSST after its manufacture;

    (j)    inadequately and/or improperly inspecting the CSST after its manufacture;

    (k)    causing or failing to prevent the aforesaid fire and resulting damages by negligently providing Design and Installation Guidelines with the CSST that were misleading and confusing to a foreseeable user; and

    (l)    failing to use due care in other ways that may be disclosed in discovery.

20.    As the direct and proximate result of Defendant's acts and/or omissions, the Sterns sustained damage and destruction to their real and personal property, extra expenses, additional living expenses, and incidental and consequential damages in the amount of $1,092,284.72.

21.    Pursuant to its policy of insurance with the Sterns, Encompass paid its insured $1,092,284.72 in damages stemming from the fire.  Encompass is now subrogated to the rights of its insureds and seeks reimbursement for the damages paid from Defendants.

**WHEREFORE**, for the foregoing reasons, Plaintiff Encompass Home & Auto Insurance Company a/s/o Robert and Barbara Stern respectfully requests that judgment be entered in its favor and against Defendant Omega Flex, Inc. in the amount of $1,092,284.72, plus interest, costs, attorney's fees, and other such relief as the Court may deem proper.

### COUNT II - STRICT LIABILITY
### PLAINTIFF v. OMEGA FLEX, INC.

22.    Plaintiff hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

23.    Defendant Omega Flex designed, manufactured, sold, and/or otherwise distributed the CSST used in the Sterns' home in a defective and unreasonably dangerous condition.

24.    At the time of the fire at the Subject Premises, the CSST was in the same dangerously defective condition as when it left Omega Flex's possession and/or control.

25. The above-referenced fire was caused by and resulted from the acts and/or omissions of Omega Flex, by and through its agents, servants, representatives, subcontractors, subagents, and/or workmen acting within the course and scope of their employment, who designed, manufactured, sold, and/or otherwise supplied a defective product by:

    (a)    failing to warn users of the dangers associated with the CSST;

    (b)    failing to inform users, including plaintiff's insured, of the defective nature of the subject CSST;

    (c)    negligently and carelessly failing to notify, report and/or warn users of the defective and unreasonably dangers condition of the CSST;

    (d)    designing, manufacturing and selling CSST that was unsafe for its intended purposes under foreseeable circumstances, and therefore defective;

    (e)    failing to correct the defective CSST;

    (f)    failing to design the CSST in a manner that was safe for all reasonably foreseeable uses;

    (g)    failing to manufacture and supply CSST that was suitable for all reasonably foreseeable uses;

    (h)    negligently failing to make reasonable inspections and tests to discover defects in their CSST;

    (i)    failing to inspect the CSST after its manufacture;

    (j)    inadequately and/or improperly inspecting the CSST after its manufacture;

    (k)    causing or failing to prevent the aforesaid fire and resulting damages by negligently providing Design and Installation Guidelines with the CSST that were misleading and confusing to a foreseeable user; and

    (l)    failing to use due care in other ways that may be disclosed in discovery.

26.     As the direct and proximate result of Defendant's acts and/or omissions, the Sterns sustained damage and destruction of their real and personal property, extra expenses, additional living expenses, and incidental and consequential damages in the amount of $1,092,284.72.

27.     Pursuant to its policy of insurance with the Sterns, Encompass paid its insured in the amount of $1,092,284.72 in damages stemming from the fire.  Encompass is now subrogated to the rights of its insureds and seeks reimbursement for the damages paid from Defendants.

**WHEREFORE**, for the foregoing reasons, Plaintiff Encompass Home & Auto Insurance Company a/s/o Robert and Barbara Stern respectfully requests that judgment be entered in its favor and against Defendant Omega Flex, Inc. in the amount of $1,092,284.72, plus interest, costs, attorney's fees, and other such relief as the Court may deem proper.

### COUNT III – BREACH OF IMPLIED WARRANTIES
### PLAINTIFF v. OMEGA FLEX

28.     Plaintiff hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

29.     At all times relevant to this action, Defendant Omega Flex, Inc. designed, manufactured, sold, distributed, and otherwise placed into the stream of commerce CSST.

30.     Omega Flex knew the particular purpose for which the CSST was intended and required and Plaintiff's subrogor relied on Defendant's skill and/or judgment to furnish suitable goods for such purpose.

31.     Through the distribution and sale of the CSST, Omega Flex impliedly warranted that the CSST it designed, manufactured, and/or sold was of merchantable quality and fit for its particular purpose.

32.     Omega Flex breached its implied warranties to Plaintiff's subrogor because the CSST was defective, unreasonably dangerous and not fit for the ordinary purpose for which such goods are used for the reasons set forth in paragraphs 19 and 25 above.

33.     As the direct and proximate result of Omega Flex's liability creating conduct, the Sterns sustained damage and destruction of their real and personal property, extra expenses, additional living expenses, and incidental and consequential damages in the amount of $1,092,284.72.

34.     Pursuant to its policy of insurance with the Sterns, Encompass paid its insured $1,092,284.72 in damages stemming from the fire.  Encompass is now subrogated to the rights of its insureds and seeks reimbursement for the damages paid from Omega Flex.

**WHEREFORE**, for the foregoing reasons, Plaintiff Encompass Home & Auto Insurance Company a/s/o Robert and Barbara Stern respectfully requests that judgment be entered in its favor and against Defendant Omega Flex, Inc..in the amount of $1,092,284.72, plus interest, costs, attorney's fees, and other such relief as the Court may deem proper.

**COUNT IV – NEGLIGENCE**
**PLAINTIFF v. BELAIR ENGINEERING AND SERVICE COMPANY, INC.**

35.     Plaintiff hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

36.     At all times relevant hereto, Defendant Belair knew or should have known that Plaintiff's subrogor was relying upon them to install the CSST in a good and workmanlike manner and in compliance with all applicable codes and standards.

13653000v.1

37. Belair owed a duty to Plaintiff's subrogor to ensure that the CSST was properly installed, bonded, and grounded in accordance with all manufacturing instructions, applicable codes and standards.

38. The July 3, 2011 fire at the Stern home was caused by and resulted from the negligent, reckless, and careless acts and/or omissions of Defendant Belair, by and through its agents, servants, representatives, subcontractors, workmen, and/or employees acting within the course and scope of their employment. Said acts and/or omissions consisted of:

  a. failing to install the CSST in accordance with the installation instructions provided by the manufacturer, or the applicable codes and standards for installing same;

  b. failing to provide adequate training to its employees, agents, subcontractors, servants, technicians, workmen, and/or representatives on the proper and safe assembly and installation of the CSST;

  c. failing to install the CSST with the required clearances from electrically conductive material;

  d. failing to properly bond and ground the CSST, or otherwise warn the Sterns of the need to do same;

  e. leaving the CSST in a dangerous and defective condition;

  f. failing to properly test the CSST and the home's gas and plumbing systems and their component parts to discover all dangerous and/or defective conditions;

  g. failing to select or retain competent experienced technicians, subcontractors, workmen, and/or employees to perform the installation work for the CSST in a safe and workmanlike manner;

  h. failing to apply to the work the degree of skill which would customarily be brought to such work by competent and skilled contractors;

  i. failing to follow proper and accepted installation practices;

  j. causing and/or failing to prevent the aforesaid fire and resulting damages.

39. As the direct and proximate result of Defendant's acts and/or omissions, the Sterns sustained damage and destruction to their real and personal property, extra expenses, additional living expenses, and incidental and consequential damages in the amount of $1,092,284.72.

40. Pursuant to its policy of insurance with the Sterns, Encompass paid its insured in the amount of $1,092,284.72 in damages stemming from the fire. Encompass is now subrogated to the rights of its insureds and seeks reimbursement for the damages paid from Belair.

**WHEREFORE**, for the foregoing reasons, Plaintiff Encompass Home & Auto Insurance Company a/s/o Robert and Barbara Stern respectfully requests that judgment be entered in its favor and against Defendant Belair Engineering and Service Company, Inc. in the amount of $1,09,284.72, plus interest, costs, attorney's fees, and other such relief as the Court may deem proper.

### COUNT V – BREACH OF CONTRACT
### PLAINTIFF v. BELAIR ENGINEERING AND SERVICE COMPANY, INC.

41. Plaintiff hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

42. At all times relevant hereto, and pursuant with its contract with the Sterns, Belair knew or should have known that the Sterns were relying upon the company to install the propane boiler and gas piping for same at the Subject Premises.

43. Belair owed a duty to the Sterns to ensure that the boiler and gas piping were selected and installed in a good and workmanlike manner and in compliance with all applicable codes and standards.

44. Belair owed a duty to the Sterns to ensure that they installed, bonded, and properly grounded the CSST in a good and workmanlike manner and in accordance with all applicable codes and standards.

45. Belair, by and through the aforesaid conduct of its agents, servants, representatives, subcontractors, workmen and/or employees, acting in the course and scope of their employment, described more fully in paragraph 38 above, breached its contractual obligation to the Sterns.

46. As the direct and proximate result of Defendant's breach of contract, the Sterns sustained damage and destruction to their real and personal property, extra expenses, additional living expenses, and incidental and consequential damages in the amount of $1,092,284.72.

47. Pursuant to its policy of insurance with the Sterns, Encompass paid its insured $1,092,284.72 in damages stemming from the fire. Encompass is now subrogated to the rights of its insureds and seeks reimbursement for the damages paid from Belair.

**WHEREFORE**, for the foregoing reasons, Plaintiff Encompass Home & Auto Insurance Company a/s/o Robert and Barbara Stern respectfully requests that judgment be entered in its favor and against Defendant Belair Engineering and Service Company, Inc. in the amount of $1,092,284.72, plus interest, costs, attorney's fees, and other such relief as the Court may deem proper.

                                  Respectfully submitted,

                                  _____/s/_____
                                  Robert D. Anbinder, Esquire
                                  P.O. Box 65354
                                  Baltimore, Maryland 21209
                                  P: (410) 916-7469
                                  rdaesq@verizon.net

                                  Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff respectfully requests a trial by jury as to all issues.

                                  _____/s/_____
                                  Robert D. Anbinder, Esquire
                                  P.O. Box 65354
                                  Baltimore, Maryland 21209
                                  P: (410) 916-7469
                                  rdaesq@verizon.net

                                  Attorney for Plaintiff